**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **CHRISTOPHER JOHN WEBB,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:05-CV-582-A** |
| | § | |
| **DOUGLAS DRETKE, DIRECTOR,** | § | |
| **TEXAS DEPARTMENT OF CRIMINAL** | § | |
| **JUSTICE, CORRECTIONAL INSTITUTIONS** | § | |
| **DIVISION,** | § | |
| **Respondent.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas.  The findings, conclusions, and recommendation of the United States Magistrate Judge are as follows:

## I.  FINDINGS AND CONCLUSIONS

### A.  NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

### B.  PARTIES

Petitioner Christopher John Webb, TDCJ-ID #630438, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Beeville, Texas.

Respondent Douglas Dretke is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ).

### C.  FACTUAL AND PROCEDURAL HISTORY

In 1992, pursuant to a plea bargain agreement, Webb pled guilty to burglary of a habitation

in the 355th Judicial District Court of Hood County, Texas, and was sentenced to twenty years' confinement.  (State Habeas R. at 23.)  On December 10, 1998, Webb was released on parole.  (Parole R. at 16.)  While on release, Webb committed certain alleged violations of the conditions of his parole, and, as a result, a pre-revocation warrant was issued for his arrest.  (*Id.* at 1, 11, 18-19.)  A revocation hearing was conducted at the Bryd Unit in Huntsville, Texas, on December 6, 2004, during which Webb admitted to two of the alleged violations.  (*Id.* at 2.)  Based on Webb's admission in conjunction with witness affidavits and documentary exhibits, the hearing officer recommended that Webb's parole be revoked.  (*Id.* at 5-9.)  In accordance with this recommendation, the Texas Board of Pardons and Paroles (the Board) revoked Webb's parole on December 23, 2004.  (*Id.* at 2.)  Webb sought to reopen the hearing to no avail.  (Mtn. to Reopen Hearing R.)  Thereafter, he filed a state habeas application raising one or more of the claims presented, which was denied without written order on August 17, 2005.  *Ex parte Webb*, Application No. 62,227-01, at cover.  Webb filed this federal petition for writ of habeas corpus on September 9, 2005.  *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (providing pro se habeas petition filed when petition is delivered to prison authorities for mailing).  Dretke has filed an answer with documentary exhibits, to which Webb filed a reply.

## D.  ISSUES

In three grounds, Webb claims that he was denied state-appointed counsel to represent him during the revocation proceedings, a meaningful appeal of the Board's decision, and the right to confront and cross-examine adverse witnesses during the revocation hearing.  (Petition at 7.)

## E.  RULE 5 STATEMENT

Dretke does not contest that Webb has sufficiently exhausted his state remedies as required

by 28 U.S.C. § 2254(b) and does not move for dismissal on exhaustion grounds.  (Resp't Answer at 3.)

## F.  DISCUSSION

### 1.  Standard of Review

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication:  (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court.  28 U.S.C. § 2254(d).  A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court of the United States on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts.  *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000).  A state court decision will be an unreasonable application of clearly established federal law if it correctly identifies the applicable rule but applies it unreasonably to the facts of the case.  *Williams*, 529 U.S. at 407-08.

Further, federal courts give great deference to a state court's factual findings.  *Hill*, 210 F.3d at 485.  Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct.  28 U.S.C. § 2254(e)(1).  This presumption of correctness applies to both explicit findings of fact and those findings of fact implicit in the state court's mixed law and fact conclusions.  *Valdez v. Cockrell*, 274, F.3d 941, 948 (5th Cir. 2001).  The applicant has the

burden of rebutting the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).  Typically, when the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written order, as the court did here, it is an adjudication on the merits, which is entitled to this presumption.  *Neal v. Puckett*, 286 F.3d 230, 235 (5th Cir. 2002); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997).

*2.  State-Appointed Counsel*

Webb claims that based upon his indigent status, his history of mental illness, his medicated state, the fact that he disputed one or more of the allegations, and his inability to gather and present mitigation evidence on his own, he was entitled to appointed counsel.  (Petition at 7; Pet'r Reply at 2-3.)

There is no absolute right to counsel in a parole revocation proceeding.  *See Gagnon v. Scarpelli*, 411 U.S. 778, 790 (1973).  Rather, the decision as to the need for counsel is determined on a case-by-case basis in the exercise of sound discretion by the state authority charged with responsibility for administering the parole system.  *Id.*  Counsel should be provided in cases where the parolee requests counsel based on a timely and colorable claim that (1) he has not committed the alleged violation of the conditions upon which he is at liberty; or that, even if the violation is a matter of public record or is uncontested, substantial reasons justify or mitigate the violation and make revocation inappropriate, and (2) the facts or reasons are complex or otherwise difficult to develop or present.  *Id.*  In passing on a request for the appointment of counsel, especially in doubtful cases, the responsible agency also should consider whether the parolee appears to be capable of speaking effectively for himself.  *Id.*

In this case, the hearing officer "disapproved" Webb's request for appointed counsel and

4

explained:

> OFFENDER was denied a State appointed attorney because OFFENDER is articulate and capable of representing himself.  The allegations include no complex issues.   OFFENDER communicated in a clear and concise manner.     (Parole Revocation R. at 7.)

Webb presented some evidence in his state habeas proceeding that he was diagnosed with bipolar disorder in November 2003 and was prescribed psychotropic medications to treat the disorder.  (State Habeas R. at 15-16.)  There is nothing in the record, however, to indicate whether Webb was on the medications at the time of the revocation proceeding or how the medications may have affected his ability to adequately represent himself.  The alleged violations did not involve complex issues,[1] and Webb admittedly committed two of the violations.  (Parole Revocation R. at 2.)  Further, the "Release Plan" and "Personal Statement to the Board" presented by Webb demonstrate that he is articulate and was capable of communicating effectively.  (*Id.* at 24-25.)  In his statement, Webb claims that during his release he finished college, became a licensed journeyman, got married, started a family, and maintained steady employment.  (*Id.* at 25.)  There is no mention of mental illness or medications.  Under these circumstances, the hearing officer did not abuse his discretion in refusing to appoint counsel to represent Webb.

*3.  Meaningful Appeal*

Webb claims that he was denied a meaningful appeal of the Board's decision to revoke.  (Petition at 7.)  Webb submitted an appeal in the form of a motion to reopen the revocation hearing.

---

[1]The Board alleged various violations by Webb including:  (1) failure to abide by curfew on February 6, 2004 in violation of Rule # 1; (2) failure to report on February 9, 2004 in violation of Rule # 1; (3) changing residence on February 6, 2004 in violation of Rule # 3; and (4) being in the State of Oklahoma without permission on November 8, 2004 in violation of Rule # 4; (5) failure to abide by daily activity schedule by not returning to designated location on February 6, 2004 in violation of Rule # 80; and (6) failure to pay supervision fees since released from TDCJ in violation of Rule # 9B.  (Parole Revocation R. at 2-3.)  Webb admitted to (1) and (4).

(Mtn. to Reopen Hearing R. at 3-7.)   He complains that the Board denied the motion in a one-sentence letter without consideration of his mental disability.   Although Webb was advised that he had a right to request the Board to reopen the revocation hearing within sixty days,[2] Webb has failed to cite authority that he has a corresponding federal constitutional right to appeal or reopen the Board's decision to revoke, and none is found.   *See* 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975) (providing that necessary predicate for granting federal habeas relief is a violation of the Constitution, laws, or treaties of the United States).   *See also Wallace v. Texas Bd. Of Pardons and Paroles*, No. 4:00-CV342-A, 2001 WL 360999, at *6 (N.D. Tex. Feb. 4, 2001) (not designated for publication) (providing improper denial of motion to reopen parole hearing is not cognizable in federal habeas proceeding).   Absent an allegation that the petitioner has been deprived of some right secured to him by the United States Constitution or laws of the United States, federal habeas corpus relief is not available.   *See Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995); *Hilliard v. Bd. of Pardons and Paroles*, 759 F.2d 1190, 1192 (5th Cir. 1985).

*4.  Right to Confront and Cross-Examine Adverse Witnesses*

Webb claims he was denied his right to confront and cross-examine adverse witnesses. (Petition at 7.)   The only live testimony during the hearing was Webb's.   Peggy Sephus, a records clerk for TDCJ, testified via affidavit as to the authenticity of various records from Webb's parole file.   (Parole Revocation R. at 13-17, 21-23.)   Randy Moreno, Webb's parole officer, testified via affidavit as to the specifics regarding the alleged violations.   (*Id.* at 18.)

Among a parolee's due process rights in a parole revocation hearing is the right to confront

---

[2]Under former § 145.54(a) of the Texas Administrative Code, a parolee was afforded the right to request that the Board reopen the case under certain circumstances. 37 TEX. ADMIN. CODE ANN. § 145.54 (repealed). The current state statutory provisions do not appear to afford such a right, however, under internal Rule # 146.11, the Board apparently continues the practice.

and cross-examine adverse witnesses, unless the hearing officer specifically finds good cause for not allowing confrontation. *See Morrissey v. Brewer*, 408 U.S. 471, 489 (1972). No express finding by the hearing officer is found in the record, however, implicit in the state court's ruling is the conclusion that the hearing officer established good cause to forego confrontation. *See United States v. McCormick*, 54 F.3d 214, 220-21 (5th Cir. 1995). In such a case, a court weighs the respective interests of the parolee in confronting a particular witness against the hearing officer's good cause for denying it, particularly focusing on the indicia of reliability of a given hearsay statement. *See id.*

The record reflects that Webb objected to Sephus's affidavit on the grounds that some of the information in the records was incorrectly stated. The record does not, however, reflect that Webb requested that his parole officer be present for questioning or that he objected to the introduction of his parole officer's affidavit or the factual assertions therein, which were closely tied to the alleged violations.[3] Furthermore, Webb admitted to committing one or more of the alleged violations, which is sufficient to support the revocation. A federal court may not grant habeas relief unless the error at issue had substantial and injurious effect or influence in determining the proceeding's outcome. *See Williams v. Johnson*, 171 F.3d 300, 307 (1999). Any error resulting from Webb's inability to have the witnesses present was harmless.

Webb has not shown that the state court's rejection of his claims was contrary to or involved an unreasonable application of clearly established precedent or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court.

---

[3]Webb asserts that he requested that "all parties" be present at the hearing for questioning, however, there is no record of any such request. (Petition at 7.)

7

## II.  RECOMMENDATION

It is therefore recommended that Webb's petition for writ of habeas corpus be denied.

### III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED
### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document.  The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until February 8, 2006.  The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made.  *See* 28 U.S.C. § 636(B)(1).  Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

### IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until February 8, 2006, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation.  It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing

date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED January 18, 2006.


_____/s/   Charles Bleil_____
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE