

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

**FILED**

FEB - 8 2006

CLERK, U.S. DISTRICT COURT
By _____
            Deputy

CHRISTOPHER JOHN WEBB,           §
                                 §
        Petitioner,              §
                                 §
VS.                              §   NO. 4:05-CV-582-A
                                 §
DOUGLAS DRETKE, DIRECTOR, TEXAS  §
DEPARTMENT OF CRIMINAL JUSTICE,  §
CORRECTIONAL INSTITUTIONS        §
DIVISION,                        §
                                 §
        Respondent.              §

O R D E R

Came on for consideration the above-captioned action wherein
Christopher John Webb ("Webb") is petitioner and Douglas Dretke,
Director, Texas Department of Criminal Justice, Correctional
Institutions Division, is respondent.  This is a petition for
writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.  On
January 18, 2006, the United States Magistrate Judge issued his
proposed findings, conclusions, and recommendation,[1] and ordered
that the parties file objections, if any, thereto by February 8,
2006.  On February 6, 2006, Webb filed his written objections. In
accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal
Rules of Civil Procedure, the court makes a <u>de novo</u> determination
of those portions of the proposed findings or recommendations to
which specific objection is made.  <u>United States v. Raddatz</u>, 447
U.S. 667 (1980).  The court is not addressing any nonspecific

---

[1] Citations to the findings, conclusions, and recommendation
issued by the United States Magistrate Judge will be "FC &R."

objections or any frivolous or conclusory objections.  Battle v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

The magistrate judge concluded that Webb's petition did not state any grounds upon which habeas relief was warranted, and recommended that the petition be denied.  Webb has objected only to the following two conclusions: (1) that due process did not entitle him to a State-appointed attorney at his parole revocation proceeding because there is nothing in the record to indicate that the hearing officer abused his discretion in refusing to do so; and (2) that the decision by the Texas Parole Board ("Parole Board") to not have Webb's parole officer present at his parole revocation hearing did not influence the decision to revoke his parole.

Webb has proffered three concise and specific objections to those conclusions.  Battle, 834 F.2d at 421.  With regards to his appointment of counsel claim, Webb contends in his objections that the Parole Board should have appointed counsel to represent him because (1) he was under psychiatric care and taking medication at the time of the revocation hearing, and (2) he was incapable of effectively advocating for himself at that revocation hearing.[2]  Next, Webb contends in his objections that

---

[2] In a rejoinder to his larger objection regarding the appointment of counsel claim, Webb also objected to the magistrate judge's finding that "the 'Release Plan' and 'Personal Statement to the Board' presented by Webb demonstrate that he is articulate and capable of communicating effectively."  FC &R at 5.

he was entitled to confront his parole officer at his revocation meeting.  The court disagrees with Webb's contentions.

As the magistrate judge noted, there is no evidence in the record that Webb was under psychiatric care or taking any prescribed medication at the time of the hearing.  Moreover, Webb's written statements to the Parole Board serves to prove that he was well-equipped to effectively represent himself.[3]  In short, Webb presents nothing to overcome the presumption that "the presence and participation of counsel will probably be both undesirable and constitutionally unnecessary in most revocation hearings." Gagnon v. Scarpelli, 411 U.S. 778, 790 (1973).

As to Webb's contention that he had an automatic right to confront and cross examine his parole officer, there is no indication in this record that Webb made any request to have his parole officer present at the hearing.  Moreover, at his hearing Webb admitted to committing two of the alleged parole violations. In light of those admissions, much of the parole officer's testimony would have been cumulative and of little worth to the Parole Board.  Williams v. Johnson, 171 F.3d 300, 307 (5th Cir. 1999).  Therefore, the court concludes that the presence of that testimony would not have substantially affected or influenced the Parole Board's decision.

For the reasons stated herein,

---

[3] The court notes that the hearing officer stated Webb "was denied a State appointed attorney because [he] is articulate and capable of representing himself."  The hearing officer also noted that "[t]he allegations include no complex issues." FC & R at 5.

The court accepts the findings, conclusions and recommendation of the magistrate judge, and ORDERS that the petition in this action be, and is hereby, denied.

SIGNED February 8, 2006

JOHN McBRYDE
United States District Judge

4